IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ALICE HANNAH THOMAS,

    Plaintiff,

    v.                                                            Civil Action No.   1:17-cv-379 (TSE/MSN)

WELLS FARGO BANK, NATIONAL ASSOCIATION,
D/B/A WELLS FARGO HOME MORTGAGE,
HSBC BANK USA, NATIONAL ASSOCIATION, AS
TRUSTEE FOR NOMURA ASSET ACCEPTANCE
CORPORATION MORTGAGE PASS THROUGH
CERTIFICATES SERIES 2005-AR6, and
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.,

    Defendants.

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

      Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendants, Wells Fargo Bank, National Association d/b/a Wells Fargo Home Mortgage ("Wells Fargo"), HSBC Bank USA, National Association, as Trustee for Nomura Asset Acceptance Corporation Mortgage Pass Through Certificates Series 2005-AR6 ("HSBC Bank"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "Defendants"), by counsel, hereby remove this action from the Circuit Court of the County of Fairfax, Virginia, to the United States District Court for the Eastern District of Virginia, Alexandria Division.  Jurisdiction of this Court is proper because this Court has original jurisdiction over the case by way of federal question jurisdiction pursuant to 28 U.S.C. § 1331.  In support thereof, Defendants state as follows:

## I.     BACKGROUND

1.     On February 10, 2017, Plaintiff Alice Hannah Thomas ("Plaintiff") filed an action against Defendants in the Circuit Court of Fairfax County, Virginia, in an action styled *Alice Hannah Thomas vs. Wells Fargo Bank, National Association d/b/a Wells Fargo Home Mortgage, et al.,* Case No. CL-2017-0002107 (the "State Court Action").

2.     In the Complaint, Plaintiff alleges, among other things, a violation of the Real Estate Settlement Procedures Act ("RESPA") and its implementing regulation. (Compl. at ¶¶ 39, 51-55).   Plaintiff asserts three claims against Defendants: Count I – Declaratory Judgment; Count II – Violation of the RESPA; and Count III – Quiet Title/Remove Cloud on Title.  A copy of the Complaint filed in the State Court Action is attached hereto as **Exhibit A**.   Upon information, all other documents in the state court's files are attached collectively as **Exhibit B**.

3.     Defendants deny the allegations in the Complaint, deny that Plaintiff has stated any claim for which relief may be granted, and deny that Plaintiff has suffered damages in any manner whatsoever.  Nevertheless, assuming for jurisdictional purposes only that Plaintiff's claims are valid, Plaintiff could have filed the Complaint in this Court under federal questions jurisdiction.

4.     MERS was served with the Complaint on March 9, 2017.

5.     Wells Fargo was served with the Complaint on March 15, 2017.

6.     Accordingly, Defendants' removal of this action is timely pursuant to 28 U.S.C. § 1446(b).

7.     Upon information and belief, Plaintiff has not served HSBC Bank with process. Consequently, the 30-day period prescribed by 28 U.S.C. § 1446(b) has not run.

8.     Further, the Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) as it is being filed within one (1) year of the date of commencement of the action for removal purposes.

## II.   GROUNDS FOR REMOVAL

**Federal Question Jurisdiction**

9.  A civil action is removable if the Plaintiff could have originally brought the action in federal court pursuant to the Court's original jurisdiction. *See* 28 U.S.C. § 1441(a).

10.  Under 28 U.S.C. § 1331, district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."

11.  In the State Court Action, throughout the Complaint, Plaintiff alleges that the Defendants violated RESPA. (*See*, *e.g.*, Compl. at ¶¶ 39, 51-55).

12.  This Court has original jurisdiction over the present lawsuit pursuant to 28 U.S.C. § 1331 because Plaintiff alleges the defendants violated the laws of the United States.

13.  To the extent that Plaintiff also asserts claims purporting to arise under the common law of the Commonwealth of Virginia, these claims are so related to Plaintiff's federal claims, which are within the original jurisdiction of this Court, that they form part of the same case or controversy. Accordingly, the Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1441(c) and 28 U.S.C. § 1367(a).

## III.   VENUE

17.  Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a), because this district and division embrace the Circuit Court of Fairfax County, Virginia, the forum in which the removed action was pending.

## IV.   NOTICE

18.  Pursuant to 28 U.S.C. § 1446(d), concurrent with filing this Notice of Removal, Defendants will file a Notice of Filing of Notice of Removal with the Clerk of the Circuit Court of Fairfax County, Virginia, and will attach a copy of this Notice of Removal thereto. A copy of the Notice of Filing of Notice of Removal, without Exhibit 1, is attached hereto as **Exhibit C**.

19. This Notice of Removal is being served on all adverse parties as required by 28 U.S.C. § 1446(d).

20. If any questions arise as to the proprietary of the removal of this action, Defendants request the opportunity to present a brief and argument in support of their position that this case is removable.

WHEREFORE, for the reasons stated above, Defendant Wells Fargo Bank, National Association d/b/a Wells Fargo Home Mortgage, HSBC Bank USA, National Association, as Trustee for Nomura Asset Acceptance Corporation Mortgage Pass Through Certificates Series 2005-AR6, and Mortgage Electronic Registration Systems, Inc., request that the above-referenced case now pending in the Circuit Court of Fairfax County, Virginia be removed to the United States District Court for the Eastern District of Virginia, Alexandria Division.

Dated: March 30, 2017

Respectfully submitted,

**WELLS FARGO BANK, NATIONAL ASSOCIATION D/B/A WELLS FARGO HOME MORTGAGE**

**HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR NOMURA ASSET ACCEPTANCE CORPORATION MORTGAGE PASS THROUGH CERTIFICATES SERIES 2005-AR 6**

**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

By: /s/ S. Mohsin Reza
Mary C. Zinsner (VSB #31397)
S. Mohsin Reza (VSB No. 75347)
TROUTMAN SANDERS LLP
1850 Towers Crescent Plaza, Suite 500
Tysons Corner, Virginia 22182
Telephone: (703) 734-4363

        Facsimile: (703) 448-6514
        Email: mary.zinsner@troutmansanders.com
        Email: mohsin.reza@troutmansanders.com

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of March, 2017, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, and further certify that a true and correct copy of the foregoing *Notice of Removal* was sent via Federal Express to the following:

Juliane Smith, Esq.
PARADIGM LAW, P.L.C.
708 Pine Street
Herndon, VA 20170
*Counsel for Plaintiff*

/s/ S. Mohsin Reza
S. Mohsin Reza (VSB No. 75347)
TROUTMAN SANDERS LLP
1850 Towers Crescent Plaza, Suite 500
Tysons Corner, Virginia 22182
Telephone: (703) 734-4351
Facsimile: (703) 448-6510
E-mail: mohsin.reza@troutmansanders.com

*Counsel for Defendants*